UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

WILLIE WHITE,

  Plaintiff,

 v.

CHARTER COMMUNICATIONS, LLC,

  Defendant.

Case No.:

JURY TRIAL DEMANDED

# COMPLAINT

WILLIE WHITE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CHARTER COMMUNICATIONS, LLC ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Texas, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

## PARTIES

5. Plaintiff is a natural person residing in Waxahachie, Texas.

6. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a corporation with its principal place of business located at 400 Atlantic Street, Stamford, Connecticut 06901.

9. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number.

12. Plaintiff has only used this number as a cellular telephone number.

13. Beginning in or around January 2015, Defendant began placing repeated calls to Plaintiff on his cellular telephone.

14. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

15. Plaintiff received automated calls that would begin with a pre-recorded message: "This is Charter Communications" before the call would be transferred to a representative, after a brief delay.

16. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an account balance.

17. Plaintiff spoke with Defendant in January 2015 and revoked any consent that Defendant may have had to contact him.

18. However, Defendant continued to call Plaintiff.

19. When the calls did not stop, Plaintiff requested on several other occasions between January 2015 and March 2016 that Defendant stop calling him.

20. In response to Plaintiff's request to stop the calls, Defendant's representatives indicated that the calls would continue.

21. The calls did continue, despite Plaintiff's repeated request that they cease.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, on and after January 2015, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, WILLIE WHITE, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, WILLIE WHITE, demands a jury trial in this case.

Respectfully submitted,

DATED: May 23, 2017

By: /s/ Amy L. B. Ginsburg, Esq.
Amy Lynn B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff